IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN SCOTT HAENGGI,

    Petitioner,                             No. CIV S-09-1157 WBS DAD P

    vs.

JOHN W. HAVILAND[1], Warden,

    Respondent.                          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se seeking with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition pending before this court petitioner challenges a judgment of conviction entered against him on July 23, 2007, in the Sacramento County Superior Court pursuant to a plea bargain in which petitioner pled no contest to unlawfully driving another's vehicle in violation of California Penal Code § 10851(a)[2], receiving stolen property in violation of § 496d(a), being a felon in possession of a handgun in violation of § 12021(a)(1), and possessing methamphetamine in violation of California Health and Safety

---

[1] John W. Haviland, the current Warden of California State Prison, Solano, is hereby substituted in as respondent, replacing former warden D. K. Sisto. Fed. R. Civ. P. 25(d).

[2] Subsequent statutory references are to the California Penal Code, unless otherwise specified.

1

Code § 11377(a).[3] Petitioner also challenges the sentence of five years in state prison imposed by the Superior Court on August 24, 2007, insofar as it was based on his plea of no contest to having suffered a prior conviction for a serious felony within the meaning of § 1192.7(c).

Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

## BACKGROUND

I. Facts

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> On February 27, 2007, defendant was seen driving a stolen car with license plates belonging to a different car. Defendant had been previously convicted of a felony and knew the car was stolen. When police officers stopped and tried to detain him, he dropped a handgun and a plastic container containing methamphetamine.

(Resp't's Lod. Doc. 2 at 1.)

II. Trial Court Proceedings

On March 5, 2007, the Sacramento County District Attorney filed an amended complaint charging petitioner with unlawfully driving another's vehicle, receiving stolen property, being a felon in possession of a handgun, and possessing methamphetamine. The first two counts alleged enhancements for the use of a firearm. The amended complaint also alleged that petitioner had suffered a prior serious felony conviction for attempted first degree burglary. (Clerk's Transcript on Appeal (CT)[4] at 10-12.)

---

[3] Pursuant to the plea bargain, petitioner also admitted a previous felony conviction for attempted first degree burglary, a prior prison term allegation, and use of a firearm enhancements on two counts.

[4] Respondent has lodged two clerk's transcripts for case numbers C056827 and C056109, respectively, which were consolidated on appeal in state court. All references to "CT" are to the former unless otherwise indicated.

1  On May 2, 2007, petitioner through his attorney of record filed a motion pursuant
2  to California Penal Code § 1538.5 seeking to suppress all evidence seized from him, arguing that
3  Sacramento police officers had improperly performed a warrantless search and seizure.  (CT at
4  20-25.)  On May 18, 2007, the Sacramento County Superior Court denied petitioner's motion to
5  suppress evidence.  (CT at 35.)

6  On May 29, 2007, petitioner filed a motion seeking substitution of counsel
7  pursuant to People v. Marsden, 2 Cal. 3d 118 (1970).  (CT at 36-37.)  He based his Marsden
8  motion on the following stated grounds: his counsel's failure or refusal to confer with him in
9  preparation of his defense; counsel's failure or refusal to perform critical investigation; and
10  counsel's failure or refusal to present an affirmative defense, file critical motions, impeach
11  prosecution witnesses, and present critical evidence.  (CT at 37-37.1)  An irreconcilable conflict
12  between petitioner and his attorney was not a stated ground for relief, and petitioner's Marsden
13  motion nowhere alluded to any such conflict.[5]  (Id.)

14  On June 8, 2007, the Sacramento County Superior Court held a closed hearing on
15  petitioner's Marsden motion.  (Reporter's Transcript of Proceedings for June 8, 2007 (RT
16  Marsden).)  The trial court asked petitioner what he thought his attorney had done wrong.
17  Petitioner replied that his attorney had not, as petitioner requested, filed motions "for discovery,"
18  to suppress evidence, or to seek petitioner's release on his own recognizance.  (Id. at 2-3.)
19  Petitioner also stated that his attorney only saw him for "two or three minutes" before each court
20  date and that petitioner "never actually [had] time to sit down and talk with him and really
21  establish a defense for my case."  (Id. at 3.)  The trial court noted that a suppression motion in
22  fact had been filed by counsel on petitioner's behalf and denied by the court.  (Id. at 3, 10.)  After
23  ascertaining that petitioner was making no other allegations of ineffective assistance, the trial

---

[5] Petitioner declined to check the boxes on the form motion corresponding to the statements: "Counsel has failed and/or refused to communicate with the declarant" and "counsel has failed and/or refused to declare prejudice and/or conflict against declarant."  (Id. at 37-37.1.)

3

1  court called upon petitioner's attorney to address each of petitioner's complaints.  (Id. at 5-10.)

2  Specifically, the trial court questioned petitioner's attorney regarding the status of discovery and whether petitioner had been provided with any discovery received by the defense (id. at 6); how many times the attorney had met or spoken with petitioner (id. at 7-8); the status of the investigation into petitioner's defense (id. at 8, 9); whether the attorney was prepared to go to trial as scheduled (id); and the attorney's plans for conferring with petitioner prior to trial (id. at 9).  In response, petitioner's attorney stated that due to a busy trial schedule, he had not spent "enough" time conferring with petitioner, but planned to meet with him again soon.  (Id. at 6, 10.)  Counsel further indicated to the court that he had met with petitioner on six occasions, that investigation of petitioner's case was complete, and that petitioner's trial could proceed as scheduled.  (Id. at 7-9.)

The trial court then asked petitioner if he wished to respond or there was anything he cared to add.  (Id. at 9-10.)  Petitioner stated that he "would like proper legal representation, and I don't feel he's properly administering it to me," but had nothing else to add.  (Id.)  At the conclusion of the hearing, the trial court denied petitioner's Marsden motion.  (Id. at 10; CT at 4.)

On July 16, 2007, the Sacramento County District Attorney filed an amended information alleging that, in addition to the various charges and enhancements described above, that petitioner had served one prior prison term within the meaning of California Penal Code § 667.5(b).  (CT at 39-41.)  On July 23, 2007, pursuant to a negotiated plea bargain, petitioner pled no contest to all the charges and admitted all the enhancement allegations, including the prior felony strike.  (CT at 49; Reporter's Transcript on Appeal (RT) at 108-115.)

On August 24, 2007, in accordance with the plea bargain, the trial court sentenced petitioner to five years in state prison.  (CT at 50-51; RT at 126-128.)

III.  Appeal

On June 26, 2007, petitioner appealed the denial of his motion to suppress to the California Court of Appeal for the Third Appellate District.  (Clerk's Transcript on Appeal in

Case No. C056109 at 39-40.)  On August 24, 2007, he appealed from the judgment and sentencing to the same court.  (CT at 52-53.)  The two appeals were consolidated.  (Resp't's Lod. Doc. 2 at 1.)  After petitioner's counsel filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), the California Court of Appeal identified two errors in petitioner's abstract of judgment, but otherwise affirmed the judgment of conviction on May 19, 2008.  (Id.)  The California Supreme Court summarily denied petitioner's petition for review on July 23, 2008.  (Resp't's Lod. Doc. 3.)

On August 6, 2008, petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court.  (Resp't's Lod. Doc. 4.)  That court denied the petition in a reasoned decision on September 10, 2008.  (Resp't's Lod. Doc. 5.)

On September 29, 2008, petitioner filed a habeas corpus petition in the California Court of Appeal for the Third Appellate District.  That court summarily denied the petition on October 2, 2008.  (Resp't's Lod. Doc. 6.)  The California Supreme Court summarily denied petitioner's subsequent habeas petition on April 1, 2009.  (Resp't's Lod. Doc. 7.)

Petitioner filed the instant federal habeas petition on April 28, 2009.  (Doc. 1.)  Respondent filed an answer on September 8, 2009, wherein respondent conceded that petitioner has exhausted his claims.  (Doc. 19.)  Petitioner filed a traverse on October 13, 2009.  (Doc. 24.)

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas corpus cannot be utilized to try state issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377

5

(1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 513 F.3d 1002, 1013 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claims

A. Prior Conviction

First, petitioner claims that the trial court improperly enhanced his sentence based on a prior conviction.  In this regard, he alleges that the abstract of judgment used to support the prior felony conviction enhancement was uncertified and therefore insufficient to prove that prior conviction beyond a reasonable doubt.[6]  (Petition (Pet.) at 4-5.)

The Sacramento County Superior Court rejected this claim, reasoning as follows:

> Petitioner alleges that he received an illegal sentence in case No. 07501999 because the court enhanced his sentence with a prior conviction.  He complains that the court found the prior conviction to be true based on hearsay evidence, specifically an uncertified abstract of judgment.  He claims the prior conviction was not proved beyond a reasonable doubt.
>
> However, a review of the file shows that on July 23, 2007, petitioner pled no contest to unlawfully driving another's vehicle (count one), receiving stolen property (count two), being a convicted felon in possession of a firearm (count three), and possessing methamphetamine (count four).  In addition, Petitioner admitted the firearm enhancements, admitted that he had served a prior prison term and admitted that he had a prior serious felony conviction for attempted first degree burglary.
>
> On August 24, 2007, Petitioner was sentenced to the middle term of two years on each count doubled to four based on the prior

---

[6] Petitioner presents this claim as three separate grounds in his petition before this court. He also refers, apparently interchangeably, to an enhancement based on a "prior prison term" and one based on a "prior conviction." (Pet. at 4-5.) Because the trial court struck the one-year enhancement that was based on a prior prison term (RT at 128), this court will construe petitioner's claim as challenging the prior conviction enhancement only.

7

> serious conviction and an additional year was added for the firearm enhancement. Counts two and three were stayed pursuant to Penal Code § 654 and count four was ordered to run consecutively.[7] The court struck the one-year prior prison term. Petitioner's claims fail because he admitted that he had suffered a prior serious conviction for attempted first degree burglary. As a result, his claims that he received an illegal sentence because his prior conviction was found true based on hearsay are denied.

(Resp't's Lod. Doc. 5 at 1.)

Initially, the undersigned notes that to the extent petitioner is claiming that his sentence enhancement based on a prior conviction violates state evidentiary rules or other state law, his claim is not cognizable on federal habeas review. A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton, 768 F.2d at 1085; Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). Federal habeas relief is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Cooper v. Brown, 510 F.3d 870, 1001(9th Cir. 2007) ("[I]t is not the policy of the federal courts to re-examine state court determinations of state law questions.").

Moreover, federal habeas relief for a state sentencing error "is limited, at most, to determining whether the state court's finding was so arbitrary and capricious as to constitute an independent due process violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

Here, the undersigned does not find the state trial court's imposition of a prior conviction enhancement to be arbitrary, capricious, or fundamentally unfair. As respondent points out, petitioner's plea of no contest to the prior conviction limits the grounds on which he can now challenge his conviction and sentence. As the United States Supreme Court has held:

---

[7] Respondent notes, based on the record, that the trial court in fact ordered the sentence in count four to run concurrently. (Answer at 8, n.6.)

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]

Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also Adams v. Peterson, 968 F.2d 835, 841 n. 4 (9th Cir. 1992) (Under California law, a defendant's admission of a prior felony alleged as a sentencing enhancement is the functional equivalent of a guilty plea); Wright v. Craven, 461 F.2d 1109, 1110 (9th Cir. 1972) (same); Cook v. Lynaugh, 821 F.2d 1072, 1075 (5th Cir. 1987) (a plea of "true" to a prior conviction enhancement allegation waives any subsequent challenge to the validity of the prior conviction set forth in the enhancement allegation).

Petitioner does not assert, and the record does not reflect, that petitioner's admission to the prior conviction and plea of no contest was involuntary or unknowing. Indeed, whether or not the abstract of judgment was certified has no bearing on petitioner's voluntary choice to accept a plea bargain in which he pled guilty to all charges and admitted all enhancement allegations, including a prior conviction, in exchange for a five-year prison sentence.

Because the state court's decision was in keeping with established federal law, petitioner is not entitled to federal habeas relief on this ground.

B. Marsden Motion

Petitioner next claims that the state trial court failed to sufficiently inquire into the basis for his Marsden motion and improperly denied that motion.[8] (Pet. at 5.) The gist of this

---

[8] In his traverse, petitioner also argues that the trial court improperly denied him the right to represent himself. (Traverse at 4.) Putting aside the issue of whether petitioner has exhausted any such claim, the record shows that at the June 8, 2007 hearing on petitioner's Marsden motion, he did not ask to represent himself, but stated merely that he "would like proper legal representation, and I don't feel [appointed counsel] is properly administering it to me." (RT Marsden at 9.) When the trial court asked petitioner if there was anything he wished to add, he answered: "[N]othing I can think of." (Id.) In order to exercise a Sixth Amendment right to self-representation, a defendant's request for self-representation must be unequivocal. Sandoval v.

claim is that petitioner disagreed with his attorney's handling of the motion to suppress evidence, and his petitioner's contention that at the hearing on the Marsden motion the trial court did not adequately investigate defense counsel's mishandling of the suppression motion and/or his conflicts with petitioner. Lacking a sufficient understanding of the conflict between petitioner and his attorney, petitioner claims, the trial court improperly denied his Marsden motion. (Id.)

> Petitioner's final claim is that the trial court improperly denied his Marsden motion. He claims that the trial court failed to adequately inquire into his complaints with counsel. Specifically, he alleges that counsel failed to conduct an adequate investigation of his case, failed to file a motion to suppress, that he and his counsel had a breakdown in their relationship and that they had different lines of defense. . . . Petitioner's counsel did filed [sic] a motion to suppress. His allegations that his counsel failed to adequately investigate the case and that they had different lines of defense are conclusory and do not provide any factual basis upon which to establish a prima facie claim that the trial court improperly denied his Marsden motion.

In the last reasoned state court decision on this issue, the Sacramento County Superior Court rejected this claim, reasoning as follows:

(Resp't's Lod. Doc. 5 at 1-2.)

The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel and is therefore may present a cognizable claim for federal habeas relief, as "it is well established and clear that the Sixth Amendment requires on the record an appropriate inquiry into the grounds for such a motion, and that the matter be resolved before the case goes forward." Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). See also Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir. 1982) [9] While the issue before the court in Schell

---

Calderon, 241 F.3d 765, 774 (9th Cir. 2000). Because petitioner made no such request, the state trial court made no ruling on whether petitioner would be permitted to represent himself. This court therefore limits its analysis to petitioner's claim that the trial court improperly denied his Marsden motion.

[9] Even if erroneous under state law, however, the trial court's denial of petitioner's Marsden motion provides a ground for habeas relief only where the denial violated petitioner's federal constitutional rights. See 28 U.S.C. § 2254(a).

10

concerned "the constitutionality of a state court's handling of a motion to substitute appointed counsel based on allegations of an irreconcilable conflict" (id. at 1024), the Ninth Circuit noted that "it is conceivable [a criminal defendant] could show that he received ineffective assistance of counsel unrelated to a serious conflict between [him] and his attorney." (Id. at 1028.)  In fact, this is what petitioner alleged in his Marsden motion and at the hearing on that motion: not an irreconcilable conflict or total breakdown in communication between petitioner and his attorney, but the attorney's failure to devote the necessary time and effort to petitioner's defense. (CT at 37-37.1; RT Marsden at 2-10.)

Following Schell, the Ninth Circuit explained what type of inquiry a trial court must make to satisfy the Sixth Amendment when a criminal defendant brings a motion to replace his counsel on grounds of an irreconcilable conflict.  Most recently, the Ninth Circuit stated:

> "Before ruling on a motion to substitute counsel due to an irreconcilable conflict, a district court must conduct 'such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern.' [Citations.]  This inquiry must give the court "a sufficient basis for reaching an informed decision." United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986), overruled on other grounds by United States v. Garrett, 179 F.3d 1143 (9th Cir.1999). The district court should inquire into, inter alia, (1) how long a continuance new counsel would require, if any; (2) how much inconvenience would result from the substitution; (3) how much the breakdown in communication prevented adequate preparation; and (4) why the defendant did not make the motion earlier, if the motion was late. [Citation.]

United States v. Reyes-Bosque, 596 F.3d 1017, 1033 (9th Cir. 2010).  See also Daniels v. Woodford, 428 F.3d 1181, 1200 (9th Cir. 2005) ("When a trial court is informed of a conflict between trial counsel and a defendant, the trial court should question the attorney 'privately and in depth' and examine available witnesses . . . .  A conflict inquiry is adequate if it 'eases the defendant's dissatisfaction, distrust and concern' and 'provides a sufficient basis for reaching an informed decision.'") (internal citations omitted); United States v. Adelzo-Gonzales, 268 F.3d 772, 777 (9th Cir. 2001) ("Before ruling on a motion to substitute counsel due to an irreconcilable conflict . . . the district court may need to evaluate the depth of any conflict between defendant

and counsel, the extent of any breakdown in communication, how much time may be necessary for a new attorney to prepare, and any delay or inconvenience that may result from substitution."); see also United States v. Nguyen, 262 F.3d 998, 1004-1005 (9th Cir. 2000) (trial court failed to conduct sufficient inquiry into motion for substitute counsel given substantial evidence of conflict and breakdown of communication between defendant and attorney).

Here, petitioner did not allege an "irreconcilable conflict" or "complete breakdown in communication" between himself and his attorney such as would prevent the effective assistance of counsel. See Stenson v. Lambert, 504 F. 3d 873, 886 (9th Cir. 2007) (citing Schell, 218 F.3d at 1026). Nor does the record suggest any such discord between them. Petitioner's Marsden motion did not allege any conflict or serious failure to communicate, but rather alleged that in petitioner's opinion his attorney had not put forth the necessary time and effort to provide for a competent defense. Similarly, given several opportunities at the Marsden hearing to explain his reasons for requesting new counsel, petitioner did not allege any conflict except a vague disagreement about pretrial strategy, nor did he allege a fundamental inability to communicate with his attorney. Rather, petitioner essentially alleged that he believed his attorney was neglecting him and his defense. (RT Marsden at 2-4, 9-10.) In the instant petition, petitioner merely alleges that his attorney "failed to respond to [petitioner's] complaints concerning the suppression motion[.]" (Pet. at 6.) Thus, based on petitioner's own statements, any attorney-client conflict here appears insignificant by Sixth Amendment standards. See Brookhart v. Janis, 384 U.S. 1, 8 (1966) ("[A] lawyer may properly make a tactical determination of how to run a trial even in the face of his client's incomprehension or even explicit disapproval."): Schell, 218 F.3d at 1026 ("It may be the case . . . that because the conflict was of Schell's own making, or arose over decisions that are committed to the judgment of the attorney and not the client, in fact he actually received what the Sixth Amendment required in the case of an indigent defendant, notwithstanding the State trial court's failure to inquire."); see also Morris v. Slappy, 461 U.S. 1, 11 (1983) (Sixth Amendment does not guarantee "meaningful attorney-client relationship").

1         The Sixth Amendment requires "an appropriate inquiry into the grounds for" a
2 criminal defendant's motion to substitute counsel. Schell, 218 F.3d at 1026. Here, the record
3 shows that petitioner received a hearing in connection with his Marsden motion and that the trial
4 court addressed all the issues raised by petitioner about his attorney in conjunction therewith –
5 specifically, issues about the quality of the attorney's representation. Having satisfied itself
6 following full inquiry that petitioner's lawyer was performing competently and that petitioner had
7 no outstanding concerns, the trial court denied petitioner's request to substitute counsel.
8 Petitioner suggests that this was not enough, and that the trial court had an affirmative duty to
9 inquire into petitioner's relationship – or lack thereof – with his attorney before ruling on the
10 Marsden motion. (Pet. at 5.)

11         The Ninth Circuit has held that a trial court's "open-ended questions [that] put the
12 onus on defendant to articulate why the appointed counsel could not provide representation," and
13 its failure to "probe more deeply into the nature of [defendant's] relationship with appointed
14 counsel," may constitute an insufficient inquiry under the Sixth Amendment. Adelzo-Gonzales
15 268 F.3d at 777-779. In that case, however, "there were obvious signs of discord between the
16 defendant and his counsel" and "evidence of a serious conflict." Reyes-Bosque, 596 F.3d at 1034.
17 In contrast, where "there [are] no signs of antagonism or serious breakdown to suggest that the
18 court need[s] to inquire more" about the attorney-client relationship, and it is clear that the
19 defendant "is simply unhappy with [his attorney's] performance," it is sufficient for the trial court
20 to conduct a "brief, open-ended inquiry" which "focus[es] on counsel's competence and ability to
21 provide adequate representation in the future[.]" Id.

22         The record before this court fails to reflect any evidence of antagonism between
23 petitioner and his counsel, nor was there an indication of a serious breakdown in the relationship
24 between them. Rather, the facts of this case closely resemble those in Reyes-Bosque, where the
25 client was simply unhappy with his attorney's performance and in which the trial court's inquiry
26 into defendant's substitution motion was found to be adequate under the Sixth Amendment. Id.

13

The state trial court did not ignore petitioner's motion or fail to adequately inquire into the nature of the conflict between petitioner and his counsel. <u>Schell</u>, 218 F. 3d at 1025.  Thus, petitioner's claim for habeas relief on this ground should be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus (Doc. No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: September 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
haeng1157.hc